## RED TOP BREWING CO. v. MAZZOTTI et al.

No. 144, Docket 22544.

United States Court of Appeals Second Circuit.

Argued Jan. 8, 1953.

Decided Feb. 9, 1953.

Writ of Certiorari Denied May 18, 1953.

See 73 S.Ct. 941.

Harry Malter and Gallop, Climenko & Gould, New York City (Harry Malter and Milton S. Gould, New York City, of coun-

sel; Harry W. Starr, New York City, on the brief), for appellant.

Mendes & Mount, New York City (Walter B. Hall, New York City, of counsel), for appellees.

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The facts are sufficiently stated in Judge Bondy's opinion, reported in 107 F.Supp. 921.

The meal was shipped from Brazil to the United States. The policies insured against loss due to condemnation of the meal by the U. S. Pure Food and Drug Administration. As the meal was so condemned, that loss occurred. But the underwriters defend on the ground that there was a breach of a warranty, peculiar to these policies, reading thus:

"Warranted Brazilian Department Agriculture and/or Lloyd's and/or Board Underwriters of New York and/or Sociedad Brasiliera de Superintendencia de Embarques e Descargas Limitada certificate issued immediately prior shipment specifying merchandise is clean, free of foreign matter and insects, edible and fit for human consumption and such certificate shall be

deemed Underwriters admission sound condition."

The judge, holding that such a breach occurred, set aside a verdict against the defendants and entered a judgment dismissing the complaint.

 The Certificate issued by the Brazilian authorities did not contain words specifying freedom from foreign matter and insects. In his charge, the judge left it to the jury to determine whether the wording of the Certificate meant what the warranty required. The jury found that it did. There is some evidence to support the conclusion that such was the meaning to the Brazilian officials. However, as the warranty—not a standard provision of such policies but carefully inserted because of the insured risk in these special circumstances —said that the Certificate should "specify," and as the Brazilian official meaning of the Certificate was not known to the underwriters when they undertook to insure, we think the warranty must be read literally, and that it was therefore broken.

 Plaintiff, however, argues that subdivisions 1 and 2 of Section 150 of the New York Insurance Law apply.[1] Defendants reply that subdivision 3 applies and renders inapplicable subdivisions 1 and 2.[2] We

1. They read as follows:
"1. The term 'warranty' as used in this section, means any provision of an insurance contract which has the effect of requiring, as a condition precedent of the taking effect of such contract or as a condition precedent of the insurer's liability thereunder, the existence of a fact which tends to diminish * * * the risk of the occurrence of any loss, damage, or injury within the coverage of the contract. The term 'occurrence of loss, damage, or injury' shall be deemed to include the occurrence of * * * any * * * contingency insured against, and the term 'risk' shall be deemed to include both physical and moral hazards.

"2. No breach of warranty shall avoid an insurance contract or defeat recovery thereunder unless such breach materially increased the risk of loss, damage or injury within the coverage of the contract. If the insurance contract specified

two or more distinct kinds of loss, damage or injury which are within its coverage, no breach of warranty shall avoid such contract or defeat recovery thereunder with respect to any kind or kinds of loss, damage or injury other than the kind or kinds to which such warranty relates and the risk of which is materially increased by the breach of such warranty."

2. Subdivision 3 reads as follows:
"3. Nothing contained in this section shall affect the express or implied warranties under a contract of marine insurance in respect to, appertaining to or in connection with any and all risks or perils of navigation, transit, or transportation, including war risks, on, over or under any seas or inland waters, nor shall it affect any provision in an insurance contract requiring notice, proof or other conduct of the insured after the occurrence of loss, damage or injury."

agree with defendants. For the terms of the warranty show that the heart of the risk was insect infestation during the sea voyage.[3]

Affirmed.

3. On this issue, the writer of this opinion has some doubts which a majority of the court does not share.